Dear Mr. Pastorek:
The request for an Attorney General Opinion filed by the former State Superintendent of Education, Cecil J. Picard, has been forwarded to me for research and reply. Mr. Picard had requested an opinion of this office regarding the applicability of La.Const. art. VI, § 14(B) to the Board of Elementary and Secondary Education's ("BESE") regulations. More specifically, he asked whether La.Const. art. VI, § 14(B) prohibits BESE's regulations from applying to a city, parish or other local school system ("public school system") if their application results in an increased expenditure by the public school system for which no additional funds have been provided. For reasons explained below, it is the opinion of this office that Subsection 14(B) does not limit the application of BESE regulations to a public school system, even where the regulations may cause increased expenditure by the public school system for which no additional funds have been provided.
La.Const. art. VI, § 14 concerns unfunded mandates. Subsection A(1) of Section 14 provides as follows:
 (A)(1) No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and *Page 2 
collect such revenue and only to the extent and amount of such revenue. This Paragraph shall not apply to a school board.
 Subsection (A)(2) enumerates certain exceptions to the application of (A)(1), which are irrelevant to the issue at hand.
 Subsection (B) was recently added to Section 14, after being proposed by the Legislature in Acts 2006, No. 855, § 1 and subsequently ratified by the voters at a statewide election held September 30, 2006. It provides as follows:
 (B)(1) No law requiring increased expenditures within a city, parish, or other local public school system for any purpose shall become effective within such school system only as long as [sic] the legislature appropriates funds for the purpose to the affected school system and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the school system for the purpose and the affected school board is authorized by ordinance or resolution to levy and collect such revenue and only to the extent and amount of such revenue. This Paragraph shall not apply to any political subdivision to which Paragraph (A) of this Section applies.
 (2) This Paragraph shall not apply to:
 (a) A law requested by the school board of the affected school system.
 (b) A law defining a new crime or amending an existing crime.
 (c) A law enacted and effective prior to the adoption of the amendment of this Section by the electors of the state in 2006.
 (d) A law enacted to comply with a federal mandate.
 (e) Any instrument adopted or enacted by two-thirds of the elected members of each house of the legislature.
 (f) A law having insignificant fiscal impact on the affected school system.
 (g) The formula for the Minimum Foundation Program of education as required by Article VIII, Section 13(B) of this constitution, nor to any instrument adopted or enacted by the legislature approving such formula. *Page 3 
 (h) Any law relative to the implementation of the state school and district accountability system.
The above exceptions in (B)(2) all pertain to laws, and do not address rules and regulations.
Subsections A and B differ significantly. First, Subsection A governs unfunded mandates on political subdivisions in general, whereas Subsection B specifically addresses unfunded mandates on public school systems. By its own express provisions, Subsection B only applies to public school systems and not to "any political subdivision to which Paragraph (A) [. . . ] applies." The more specific provisions of Subsection B prevail over Subsection A and render Subsection A inapplicable to public school systems. See El Chico Restaurants ofLouisiana, Inc. v. Louisiana Gaming Control Board, 01-0205, p. 6 (La.App. 1 Cir. 12/20/02), 837 So.2d 641, 645; Pumphrey v. City of NewOrleans, 2005-979 (La. 4/4/06), 925 So.2d 1202, 1213; Sanders v.Silverthorn, 2003-2726 (La.App. 1 Cir. 2/11/05), 906 So.2d 518, 525. Thus, Subsection B alone is applicable to unfunded mandates on a public school system.
Second, Subsection A prohibits any "law or state executive order, rule, or regulation" from effecting an unfunded mandate, whereas Subsection B only prohibits "any laws" from imposing an unfunded mandate on a public school system and makes no mention of state executive order, rule or regulation.
In view of the specific inclusion of "state executive order, rule, or regulation" in Subsection A, which is absent in Subsection B, it is the opinion of this office that La.Const. art. VI, § 14 only constrains the application of laws, and not of rules or regulations, from imposing unfunded mandates on a public school system. Therefore, rules or regulations of BESE, which may cause increased expenditure by a public school system for which no additional funds have been provided, appear to be permitted under La.Const. art. VI § 14.
We hope this sufficiently answers your inquiry; if we can be of any further assistance, please do not hesitate to contact us. *Page 4 
 With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________
 Uma M. Subramanian
 Assistant Attorney General